972 So.2d 398 (2007)
JOSEPH LeBLANC
v.
DEPARTMENT OF POLICE.
No. 2007-CA-1168.
Court of Appeal of Louisiana, Fourth Circuit.
November 21, 2007.
Gary M. Pendergast, Gary M. Pendergast, L.L.C., New Orleans, LA, for Plaintiff/Appellant.
James B. Mullaly, Assistant City Attorney, Penya Moses-Fields, City Attorney, Joseph V. DiRosa, Jr., Chief Deputy City Attorney, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge CHARLES R. JONES, Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO JR.)
EDWIN A. LOMBARD, Judge.
This appeal is from a decision of the Civil Service Commission of the City of New Orleans upholding the termination of the plaintiff/appellant, Joseph LeBlanc, by the New Orleans Police Department. After review of the record in light of the applicable law and arguments of the parties, the decision of the Civil Service Commission is affirmed.
Relevant Facts and Procedural History
The plaintiff, an 11 year veteran of the New Orleans Police Department failed to report to duty on August 28, 2005, and did not return to New Orleans. On September 19, 2005, when he attempted to return to duty, he was placed on a thirty-day suspension. He returned to work on October 20, 2005, and was terminated after a disciplinary hearing on November 22, 2005. He filed a timely appeal with the Civil Service Commission. A hearing was conducted on April 4, 2006, and more than a year later, on July 17, 2007 the Civil Service Commission rendered its decision dismissing the plaintiff's appeal. The plaintiff filed this timely appeal.
Applicable Law
Review of the Commission's decision extends to both the law and facts. La. Const.1974, Art. X, § 12. The Commission's findings of fact should be given the same deference as those made by a judge *400 or jury and, accordingly, the standard of review does not differ from that in other civil cases and the Commission's determination should be affirmed unless it is manifestly erroneous or clearly wrong. Bruno v. Department of Police, 462 So.2d 139, 141 (La.1985) (citations omitted).
Based on the facts presented, the Civil Service Commission determines whether the appointing authority has good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. The Civil Service Commission defines cause for termination as "conduct which impairs the efficient or orderly operation of the public service." Civil Service Rule 1.5.2.01. "Legal cause for disciplinary action exists if the facts found by the commission disclose that the conduct of the employee impairs the efficiency of the public service . . . [T]here must be a real and substantial relation between the conduct of the employee and the efficient operation of the public service. . . ." Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962).
Discussion
On appeal, the plaintiff argues that the decision of the Civil Service Commission is arbitrary and capricious because the appointing authority introduced no evidence that his failure to report to duty between August 28, 2005, and September 19, 2005, "in any way impaired the efficiency of the public service" or that the responsibility of a police officer is greater to the Police Department than to his family. The plaintiff contends that his absence was due to liver disease and because he evacuated his family to north Alabama on August 28, 2005, because his father-in-law  the only other licensed driver in his family  was not feeling well. According to the plaintiff he did not return to New Orleans until after September 17, 2005, because he did not want to leave his family without a car.
The plaintiff's arguments are without merit. At the hearing before the Civil Service Commission, the plaintiff conceded he was aware that as a result of the approaching hurricane the New Orleans Police Department was on emergency activation status, that police officers were essential personnel and thereby required to report to duty, that he received the notification to report to duty on August 28, 2005, and that he left the city without authorization from the Superintendent of Police and did not return until September 17, 2005. Based upon this evidence, we do not find that the Civil Service Commission was manifestly erroneous in finding that the appointing authority's action was based on lawful cause and commensurate with the plaintiff's dereliction of duty.
Conclusion
For the foregoing reasons, the decision of the Civil Service Commission is affirmed.
AFFIRMED.
CANNIZZARO, J., concurs with reasons.
CANNIZZARO, J., concurring.
The appellant, Joseph LeBlanc, sets forth two (2) assignments of error. First, he urges that the Civil Service Commission ("CSC") committed manifest error in dismissing his appeal since, under the conditions created by Hurricane Katrina, no discipline was warranted in this case. In the second assignment of error, he argues that the CSC committed manifest error in denying his appeal because the discipline imposed by the Appointing Authority was excessive.
Since Mr. LeBlanc stipulated to the fact that he had not reported to work for his *401 assigned shift on August 28, 2005, and had abandoned his position after Hurricane Katrina in order to attend to family and personal matters, the CSC was not manifestly erroneous in upholding the disciplinary action taken by the Appointing Authority. See Walters v. Department of Police of New Orleans, 454 So.2d 106, 112-113 (La.1984); Cittadino v. Department of Police, 558 So.2d 1311 (La.App. 4 Cir. 1990). Furthermore, discipline was authorized as a result of Mr. LeBlanc's actions. See Walters, 454 So.2d at 114.
Finally, the discipline imposed was not excessive in that it was consistent with the uniform amount of discipline set forth by the Superintendent for those officers who were missing for the same amount of time as was Mr. LeBlanc and the punishment was commensurate with the infraction committed by Mr. LeBlanc given that his conduct clearly exacerbated an already critical situation.
Thus, I find the appellant's assignments of error are without merit.